PROB 12C
(Rev 04/17 D/HI)



# SEALED BY ORDER OF THE COURT

## United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**Apr 08, 2022**
PAM HARTMAN BEYER, CHIEF DEPUTY

### REQUEST FOR COURSE OF ACTION
*(Statement of Alleged Violations of Supervised Release)*

Subject:   ALAPATI VAIVAI                    Case No.:CR 19-00053LEK-01

Name of Sentencing Judicial Officer:      The Honorable Leslie E. Kobayashi
                                          U.S. District Judge

Original Offense:            <u>Count 1</u>: Conspiracy to Distribute and Possess With Intent
                             to Distribute 50 Grams or More of a Mixture or Substance
                             Containing Methamphetamine, a Class B felony.

Date of Original Sentence:   8/29/2019

Original Sentence:           24 months imprisonment, to be followed by 3 years
                             supervised release.

---

### NONCOMPLIANCE SUMMARY

The subject has not complied with the following condition(s) of supervision:

1.   During the months of October 2021 through February 2022, Mr. Vaivai failed to follow the instructions of the probation officer issued on 05/07/2021, in violation of Standard Condition No. 13.

2.   Mr. Vaivai failed to notify the probation officer within 72 hours of being questioned by a law enforcement officer on 02/17/2022, in violation of Standard Condition No. 9.

3.   On 03/25/2022, Mr. Vaivai failed to report to the probation officer as instructed on 03/23/2022, in violation of Standard Condition No. 2.

4.   On 04/06/2022, Mr. Vaivai failed to contact the probation officer as instructed that day, in violation of Standard Condition No. 13.

---

### PETITIONING THE COURT

To issue a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and the Petition to

PROB 12C
(Rev 04/17 D/HI)

be sealed for other than law enforcement purposes and until such time that the subject
has been arrested and the warrant duly executed.

## STATEMENT OF FACTS

On 5/4/2021, Mr. Alapati Vaivai's term of supervised release commenced under
the supervision of U.S. Probation Officer Cameron Sinner (Officer Sinner), with the U.S.
Probation Office in the District of Utah (D/UT). Following his release, Mr. Vaivai lived
with his sister, and initially maintained employment as a warehouse worker for a local
company.

On 3/30/2022, Officer Sinner requested that Court action be requested pursuant
to the following violations and Mr. Vaivai's decision to make himself unavailable for
supervision. He provided the following information to support the violations noted below.

The violations are as follows:

**Violation No. 1 - During the Months of October 2021 Through February 2022,
Mr. Vaivai Failed to Follow the Instructions of the Probation Officer Issued
on 05/07/2021:**

On 5/7/2021, Officer Sinner met with Mr. Vaivai and reviewed the conditions of
supervised release with him using the Probation Form 7A. Mr. Vaivai signed the form
and was provided a copy. At the meeting with Mr. Vaivai, Officer Sinner instructed Mr.
Vaivai to submit a Monthly Supervision Report (MSR) and a copy of his paystubs within
the first 5 days of each month.

After submitting MSR's and his pay stubs from May 2021 through September
2021, Mr. Vaivai failed to submit his MSRs for the months of October 2021 through
February 2022.

**Violation No. 2 - Mr. Vaivai Failed to Notify the Probation Officer Within 72
Hours of Being Questioned by a Law Enforcement Officer on 2/17/2022:**

On 2/17/2022, Officer Sinner was informed by a police officer with the West Valley
City Police Department (WVCPD) that on this day, Mr. Vaivai was cited for Possession
or Use of a Controlled Substance (a class A misdemeanor); Use or Possession of Drug
Paraphernalia (a class B misdemeanor); Driving on Suspended or Revoked License (a
class C misdemeanor) and Failure to Register or Expired Vehicle Registration (an
infraction). According to the citing officer, Mr. Vaivai was approached for a vehicle
violation (wrong license plate on vehicle; no catalytic converter on vehicle), a few blocks
from his sister's apartment. A search of the vehicle produced a pipe and a small
quantity of methamphetamine, resulting in Mr. Vaivai's receipt of the noted citations.

Subsequently, Mr. Vaivai failed to notify Officer Sinner within 72 hours after he
was contacted by WVCPD on 2/17/2022.

**Violations No. 3 and No. 4 - On 3/25/2022, Mr. Vaivai Failed to Report to the
Probation Officer as Instructed on 03/23/2022; and on 4/6/2022, Mr. Vaivai Failed
to Contact the Probation Officer that Day as Instructed:**

PROB 12C
(Rev 04/17 D/HI)

Following a couple of months of unsuccessful attempts to reach Mr. Vaivai, on 3/23/2022, Officer Sinner was able to speak with him telephonically. During the conversation, Mr. Vaivai reported that he was currently working the graveyard shift at a new place of employment. Officer Sinner instructed Mr. Vaivai to report to the Probation Office on 3/25/2022 at 4:00 p.m. to discuss his current circumstances to include bringing information related to his new employment and to discuss his contact with police.

On 3/25/2022, Mr. Vaivai failed to report to the Probation Office as instructed.As a result, the D/UT requested that our office seek a warrant for Mr. Vaivai's arrest.

On 4/6/2022, in a final effort to connect with Mr. Vaivai and to get him back on track with supervision, our office contacted him telephonically. He was instructed to contact Officer Sinner immediately. Mr. Vaivai acknowledged the instruction and requested that the contact information for Officer Sinner be texted to him.  As requested, our office texted the cell and desk telephone numbers for Officer Sinner to Mr. Vaivai. To date, Mr. Vaivai has not contacted Officer Sinner.

Although Mr. Vaivai's new Utah charges remain unresolved, and are not being charged as a violation of supervision at this time, a state warrant for Mr. Vaivai's arrest was issued on 3/30/2022.

Mr. Vaivai's recent conduct on supervision is concerning, and reflects a basic disregard for the expectations of supervision. He has failed to keep the probation officer apprised of his current circumstances, appears to have engaged in new alleged criminal activity, and is now unresponsive to supervision.

Based on the above, it is respectfully recommended that the Court issue a No Bail warrant for Mr. Vaivai's appearance before the Court to show cause why supervised release should not be revoked.

## Detention Assessment

Pursuant to Criminal Procedure Rule 32.1(a)(6) and 18 U.S.C. § 3143(a), there is a presumption of detention, and the burden is on that person to establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released.

Mr. Vaivai's failure to keep the assigned probation officer in Utah apprised of significant events in his life, and his failure to report as instructed, suggest that he may present a risk of nonappearance.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 04/08/2022

PROB 12C
(Rev 04/17 D/HI)

Respectfully submitted by,

_____
TARAMA FUATAGAVI
U.S. Probation Officer

Approved by:

_____
TIM JENKINS
Deputy Chief U.S. Probation Officer

PROB 12C
(Rev 04/17 D/HI)

## ORDER OF THE COURT

THE COURT ORDERS:

☑ The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked, as recommended by the U.S. Probation Officer. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

or

☐ The issuance of a Summons and that the subject appear before the Court to show cause why supervision should not be revoked.

☐ No Action/Other

   Considered and ordered this 8th day of April 2022, and ordered filed and made a part of the records in the above case.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge